IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MARK KNOX, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|    v. | ) | 2:25cv974-MHT |
| | ) | (WO) |
| BROOKE REID, Judge, in her | ) | |
| individual capacity, and | ) | |
| JACKSON HOSPITAL, | ) | |
| | ) | |
|    Defendants. | ) | |

## OPINION

Pro se plaintiff Mark Knox filed this action against Jackson Hospital and an Alabama state-court judge, Brooke Reid, asserting that Reid's actions in his state-court case against the hospital were influenced by an undisclosed conflict of interest and that the defendants conspired with each other to violate his right to procedural due process under the Fourteenth Amendment to the United States Constitution. Knox seeks relief against both defendants under 42 U.S.C. § 1983 and against only Reid through an

independent action under Federal Rule of Civil Procedure 60(d)(3) for fraud upon the court. After conducting the required review of the complaint under 28 U.S.C. § 1915, the United States Magistrate Judge directed Knox to file an amended complaint, and he did so.

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that Knox's claims against Reid be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) because the judge is protected by judicial immunity; that plaintiff's claim against Jackson Hospital be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted; and that the case be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B). Also before the court are Knox's objections to the recommendation, as well as Knox's motion for relief from the report and recommendation, and his motion for

leave to file an amended complaint, to which a proposed amended complaint is attached.

After an independent and de novo review of the record, the court concludes the objections to the recommendation should be overruled and the magistrate judge's recommendation adopted, with the following minor exception.  The magistrate judge recommends dismissal of all claims against Reid under 28 U.S.C. § 1915(e)(2)(B)(iii), which provides for dismissal if the plaintiff "seeks monetary relief against a defendant who is immune from such relief."  Here, however, Knox seeks injunctive and declaratory relief in addition to monetary relief against Knox.  Only Knox's claims for monetary relief may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).  Knox's claims for injunctive and declaratory relief will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted due to judicial immunity.

3

Turning to Knox's motions, in his motion for relief from the report and recommendation, Knox represents that he filed the wrong amended complaint by accident due to having a serious vision impairment and asks the court to vacate the report and recommendation and permit him to file the correct amended complaint. Assuming, for purposes of discussion, that this motion for relief were granted, doing so would make no difference because Knox's motion for leave to amend the complaint is due to be denied as futile.

"A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).[*]  Knox's proposed

---

[*] *Coventry* holds in part that, when a litigant files a motion to amend, it waives the right to amend as a matter of course and gives the district court discretion to deny the motion as futile.  *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010).

4

amended complaint again names defendant Reid as a defendant, and she is entitled to judicial immunity against the claims in the proposed amended complaint for the same reasons provided in the report and recommendation regarding the previously filed amended complaint. Therefore, the motion for leave to amend will be denied as futile.

As noted earlier, the motion for relief from the report and recommendation was premised on Knox's having accidentally filed the wrong amended complaint and the idea that, if the motion were granted, he would file a corrected amended complaint. However, as discussed above, his proposed amended complaint suffers from the same failings as the previously filed amended complaint. Accordingly, the motion for relief is moot.

An appropriate order and judgment will be entered.

DONE, this the 5th day of August, 2026.

    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE

5